PER CURIAM.
The defendant, Charles J. Harris, appeals from a conviction of armed robbery, La.R.S. 14:64 for which he was sentenced to twenty years at hard labor in the Louisiana State Penitentiary. On this appeal the accused is relying on one bill of exceptions to obtain a reversal of his conviction.
By this bill, the accused contends the testimony of Sergeant Charles Hinton, wherein he related the facts surrounding the arrest of the defendant (which occurred in connection with the seizure of certain items from his home), was irrelevant and should not have been permitted before the jury. According to the Sergeant’s testimony, he and other arresting officers went to the defendant’s home, armed with a search warrant. While conducting their search, the officers located and arrested the defendant from under his bed. The defendant then sat on a chair, under which the officers then found and seized a shotgun used in the robbery. This evidence was introduced in connection with laying the predicate for the introduction of the shotgun into evidence (Tr.-108).
The trial court’s ruling is correct. The finding of the defendant under the bed and his sitting in the chair under which the gun was found is inextricably intertwined with the admittedly admissible evidence laying the foundation for introduction of the shotgun into evidence.
The conviction and sentence are affirmed.